

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2002

# USA v. Huber

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1258

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Huber" (2002). *2002 Decisions.* Paper 504.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/504

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No.  02-1258


UNITED STATES OF AMERICA

v.

MARA HUBER

Appellant


Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 01-cr-00071)
District Judge: Honorable Maurice B. Cohill, Jr.


Submitted Under Third Circuit LAR 34.1(a)
August 2, 2002

Before: ROTH, RENDELL and AMBRO, Circuit Judges

(Opinion filed   August 15, 2002)


OPINION


AMBRO, Circuit Judge

Appellant Mara Huber appeals her sentence entered after a plea of guilty for mail fraud, and aiding and abetting, in violation of 18 U.S.C.    2 and 1341.  Huber contends that the District Court erred in applying an abuse of position of trust enhancement under U.S.S.G.   3B1.3.  She claims that she did not occupy a position of trust because she had no managerial or professional discretion and her crime was easily discoverable.  She also claims that if she did hold a position of trust, she did not abuse her position.  After reviewing Huber's claims, we affirm her sentence.

I.

Section 3B1.3 of the Sentencing Guidelines provides in part that "if the defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense, increase by two levels." U.S.S.G.   3B1.3 (2001).  The enhancement only applies if Huber A) occupied a position of public or private trust, and B) abused this position in a way that significantly facilitated her crime. United States v. Iannone, 184 F.3d 214, 222 (1999).  Whether Huber occupied a position of trust is a legal question that is reviewed de novo.  Whether she abused that position is a factual question that we review for clear error.  Id.

A.  Whether Huber Held a Position of Trust

A position of trust is "characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference)." U.S.S.G.   3B1.3, cmt. n.1. "Persons holding such positions ordinarily are subject to significantly less supervision than employees whose responsibilities are primarily nondiscretionary in nature." Id.

Our Court has established a three-prong test to determine whether a position is one of trust for the purposes of 3B1.3: "(1) whether the position allows the defendant to commit a difficult-to-detect wrong; (2) the degree of authority which the position vests in defendant vis-a-vis the object of the wrongful act; (3) whether there has been reliance on the integrity of the person occupying the position." United States v. Pardo, 25 F.3d 1187, 1192 (3d Cir. 1994).

Huber argues that the fraud she committed was not difficult to detect. She states that the only reason it was not detected was that her supervisor did not review invoices or credit card statements. She also supports her argument by pointing out that her fraud was discovered in only eight months.

Huber misapprehends this inquiry. Our Court has stated that the first prong of the Pardo test is not a due-diligence requirement. Iannone, 184 F.3d at 224. "The focus of the first Pardo prong is on the defendant, not on his victims." Id. As established by the District Court, Huber's position allowed her to commit a fraud that was difficult to detect in that she used company credit cards and checks with little or no supervision, she kept her door and filing cabinets locked, and while on vacation she instructed a co-worker to hold the mail while she was away. We therefore conclude that she meets the first prong of the Pardo test.

Huber states that she did not hold a position that gave her professional or managerial discretion. However, the fact that she could write checks, and request and use credit cards with little or no supervision, suggests that she did indeed have discretionary judgment in her job. We therefore reject this argument as well, and find that she meets the second prong of the Pardo test.

Huber claims that her supervisor did not rely on her integrity. She believes that he relied on that of her predecessor, and treated Huber in the same way because he had developed the habit. She suggests that his lack of supervision was unreasonable because he did not know her and because she had no accounting background. United States v. Craddock, 993 F.2d 338 (3d Cir. 1993), states that a person has been placed in a position of trust

> when, by virtue of the authority conferred by the employer and the lack of controls imposed on that authority, he is able to commit an offense that is not readily discoverable. In such circumstances, the employer, by choice or necessity, is relying primarily on the integrity of the employee to safeguard against the loss occasioned by the offense.

Craddock, 993 F.2d at 342 (emphasis added). This passage suggests that it is not important to determine whether the employer needed to rely on the integrity of his employee, or whether it was reasonable for him to do so. We find that Huber's supervisor relied on her integrity, and therefore reject her argument. She satisfies all three prongs of the Pardo test, which means that her position was indeed one of trust.

B. Whether Huber Abused her Position of Trust

Huber alternatively argues that if she did hold a position of trust, she did not abuse it in a way that significantly facilitated the commission or concealment of her crime. The District Court stated that Huber abused her position by instructing an employee to hold the mail while she was gone, implying that she tried to keep her supervisor from looking at statements or bills that would have revealed her fraud. Additionally, the Court determined that Huber locked her office and office cabinets so that no one would have access to her files. Accordingly, we hold that the District Court did not clearly err in finding that Huber abused her position of trust.

III. Conclusion

For these reasons, we affirm the judgment of the District Court.


TO THE CLERK:

Please file the foregoing Opinion.


By the Court,

/s/ Thomas L. Ambro
    Circuit Judg